UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 18-cr-10393 |
| | ) | |
| YAT KUEN CHAN, | ) | |
| Defendant | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States, through undersigned counsel, respectfully submits this memorandum to briefly address the applicability of the multiple bribe enhancement under Section 2C1.1(b)(1) of the United States Sentencing Guidelines (USSG), and to request that the Court impose the following sentence on defendant Yat Kuen Chan: (1) imprisonment for a term of 10 months; (2) 36 months of supervised release; (3) a fine in the amount of $5,500; and (4) a mandatory special assessment of $300.

### A.  Relevant Background

On July 23, 2018, the Federal Motor Carrier Safety Administration (FMCSA) notified bus charter company L&W Travel Inc. (L&W) that it had been placed out of service because it had failed to permit a Safety Audit of its operation.  L&W reached out to FMCSA and scheduled an audit, and FMCSA placed L&W back in service.  On July 26, 2018, a FMCSA Safety Investigator began a compliance review of L&W.  The defendant, Yat Kuen Chan (Chan), was present for the inspection and agreed to meet the investigator on July 30 with the L&W records FMCSA required for the compliance review.

On July 30, 2018, Chan met with the FMCSA investigator, thanked him for getting the out of service order lifted, and offered cash as a "thanks for helping out the company."

Undeterred by the inspector's rejection of the cash, Chan hid the money in the bottom of the box of records and told the investigator to check the box.

On August 1, 2018, the FMCSA investigator met with both Chan and codefendant Le Wen Wu to conduct inspections of L&W's busses. During the inspection, Chan asked whether the inspector was finding issues that would result in L&W being shut down. When the inspector told Chan that it was possible L&W could be shut down until the violations were fixed, Chan asked the inspector to talk to his boss to see if he would give L&W a break. The inspector then said the fine could be as much as $10,000, and that $200 would not be enough to overlook those types of violations. Chan offered the inspector $1,000 in cash for his help.

Almost two and one half hours into the August 1 safety inspection, the investigator informed Chan that one of the L&W buses had two "out of service violations": an inoperable emergency exit door and a brake drum that was leaking oil. Chan asked the investigator not to do an out of service against L&W, and offered the investigator another $500 if he let L&W fix the oil drum on August 1, and then drive the bus to New Jersey to have the door fixed there. The investigator agreed to allow L&W to fix the brakes and then drive the bus to New Jersey to have the door repaired, which is something he would not have done under ordinary circumstances, in exchange for the $600[1] Chan and Wu gave him on August 1.

On August 13, 2018, the investigator met with Chan and Wu to close-out the review. The investigator went over the final inspection report he drafted and explained that the company was looking at an approximate $10,000 fine. The investigator told the defendants that he could push for a notice of violation, which would give the company 30 days to fix the violations, rather than

---

[1] Chan offered $500, but the defendants gave the investigator $600, possibly by mistake.

putting the company immediately out of service.  Chan then translated the offer to Wu, stating in

Chinese: "because… now… he was talking about the financial penalties. He is going to give us a

Notice of Violation. It is going to be okay, but you need to pay him some money."  Wu then paid

the investigator $1,000 in cash.  Later during the lunch, Chan confirmed that the money was in

exchange for the inspector making sure L&W's violations did not result in heavy fines or an out

of service order, and for letting Chan know if there were any other issues with DOT.

### B.  Applicability of USSG § 2C1.1(b)(1)

The Probation Office takes the position that the July 30, 2018 payment was for "'helping

out the company' which entails getting the out of service order lifted and looking over any

violations that would result in *hefty fines and/or violations that would put the business out of*

*service.*"  Presentence Investigation Report (PIR), p.24, Response to Objections 1-7.  However,

Chan's comments made it clear that the $200 payment on July 30 was meant as a payment for or

because of the lifting of the July 2018 out of service order, and not for any future official acts the

investigator might take.  Accordingly, the government charged and Chan pled guilty to payment

of an unlawful gratuity in violation of 18 U.S.C. § 201(c)(1)(A) with respect to this payment.

The payments made between August 1, 2018 and August 13, 2018, may have been part of

the overall conspiracy to pay gratuities and bribes to influence L&W's new entrant review, but

they were not installment payments for a single action and therefore constitute multiple bribes.

*See* USSG § 2C1.1 cmt. n.2; *United States v. Arshad*, 239 F.3d 276, 280-81 (2d Cir. 2001);

*United States v. Kahlon*, 38 F.3d 467, 470 (9th Cir.1994); *United States v. Martinez,* 76 F.3d

1145, 1153-54 (10th Cir.1996).  The first factor courts consider when determining the

applicability of USSG § 2C1.1(b)(1) is whether the payments were made to influence "a single

action." *Arshad*, 239 F.3d at 280-81 (citing, *inter alia*, *Martinez* and *Kahlon*).  Here, the

payments were made for different actions to be taken by the inspector:

- the first $1,000 on August 1, 2018 was made in exchange for the inspector overlooking safety violations amounting to a $10,000 fine;

- the second $600 payment on August 1, 2018 was made in exchange for the inspector not immediately putting the bus with two safety violations out of service, but rather allowing WU and CHAN to fix the oil drum on August 1, and then drive the bus to New Jersey to have the door fixed there; and

- the $1,000 payment on August 13, 2018 was made in exchange for the inspector helping to reduce fines, and for pushing for a notice of violation, which would give the company 30 days to fix the violations, rather than putting the company immediately out of service.

*See Arshad*, 239 F.3d at 280-81 (upholding district court's finding of multiple bribes where

different payments were meant to elicit different actions); *Martinez,* 76 F.3d at 1153 (upholding

district court's finding of multiple bribes where payments were made in exchange for ongoing

patient referrals); *Kahlon,* 38 F.3d at 470 (concluding that "payments to promote different

applications for work papers ... were not installment payments for a single action.").

The second factor courts consider under Section 2C1.1(b)(1) is whether the funds

transfers constitute "installment payments" as distinguishable from multiple bribes.  Specifically,

"courts have looked to whether the pattern and amount of payments bear the hallmarks of

installment payments, such as a regular schedule of payments over a finite period of time toward

a fixed final sum, rather than a series of intermittent and varied bribes."  *Arshad*, 239 F.3d at

281-82 (citing *United States v. Morales,* 11 F.3d 915, 917 (9th Cir.1993) (where payments

"came ... in different amounts and at different intervals," multiple payments did not constitute

installments on single bribe); *Martinez,* 76 F.3d at 1153 (more than one bribe where agreement

"was not for a final fixed sum paid in regular installments" but instead was "open-ended" and

involved occasional "bonus" payments); *United States v. Goodson,* 2000 WL 680278, at *6

(E.D.La. May 25, 2000) (enhancing offense level under § 2C1.1(b)(1) where payments "were separated in time" and "were ... in different amounts and took different forms")).  Here, there was no regular schedule of payments over a finite period of time towards a fixed final sum.  Rather, Wu and Chan made payments to the investigator as various issues came up during and after the inspection, and the payments were not all in the same amounts or made toward a final, fixed sum.

Finally, courts look "at whether the method for making each payment remains the same–whether, for example, the payments involve the same payor and payee in each instance, and whether payments are made in the same form and by the same means."  *Arshad*, 239 F.3d at 282 (citing *Morales,* 11 F.3d at 917; *Kahlon,* 38 F.3d at 470; *Goodson,* 2000 WL 680278, at *5-*6).  Although, in this case, the payments at issue were made by Wu and Chan in cash to the investigator, this in and of itself is not enough to convert the payments into a single bribe.  *Arshad*, 239 F.3d at 282 (citations omitted).

Pursuant to USSG § 2C1.1(a)(2), the Base Offense Level (BOL) for bribery where, as here, the defendants are not public officials, is 12.  Pursuant to USSG § 2C1.2(a)(2), the BOL for paying an illegal gratuity where, as here, the defendants are not public officials, is 9.  USSG § 3D1.2 requires grouping the bribery and gratuities charges together, and under USSG § 3D1.3, the resulting offense level is 12.  It is the government's position that the BOL is increased by 2 pursuant to USSG § 2C1.1(b)(1), because the defendants paid more than one bribe.  The resulting BOL is 14.  Having accepted responsibility for their offenses, the defendants' offense level is decreased by 2 pursuant to USSG § 3E1.1(a).  The resulting offense level is 12.  Because Chan is a Criminal History Category I, the USSG sentencing range is 10 to 16 months' imprisonment.

C.  **The Government's Sentencing Recommendation**

The government requests that the Court sentence Chan to: (1) imprisonment for a term of 10 months; (2) 36 months of supervised release; (3) a fine in the amount of $5,500; and (4) a mandatory special assessment of $300.  The government submits that its sentence recommendation is sufficient, but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a).[2]

Specifically, there is nothing about the nature and circumstances of the offense – Chan's payment of cash because of and in exchange for the FMCSA investigator's assistance with various L&W failings – that brings his crimes outside the heartland of the applicable USSG.  As is true with most bribery offenders, there is perhaps a minimal need for a sentence to provide specific deterrence for Chan.  However, it is the general deterrent effect of punishment which requires a sentence of imprisonment in bribe and gratuity cases.  Those doing business with federal agencies – particularly those tasked with ensuring safety – must know that they will be punished if they try to pay inspectors to avoid fines and service disruptions, rather than fix the known safety violations and protect their customers.  The public must know that if you bribe a federal safety inspector, you go to prison.  If the price of bribing an inspector is to just pay a fine and continue with your professional and personal life, the deterrent effect is questionable.

Chan was not new to the charter bus industry when he paid the FMCSA inspector, nor was he ignorant to the possible consequences of safety violations.  According to the PIR, Chang has been in the business since at least as early as 2006.  Moreover, Chang worked as a "driver, then manager" for the Fung Wah bus company from 2006 until 2014.  The FMCSA issued out of

---

[2] Even if the Court finds that USSG § 2C1.1(b)(1) does not apply, a sentence of 10 months falls within the six to 12 month range applicable for an Offense Level 10, CHC I.

services orders to Fung Wah in 2013, while Chan was working for the company, after a string of safety violations.  *See* https://www.bostonglobe.com/business/2013/02/26/orders-fung-wah-bus-line-suspend-passenger-service-over-safety-concerns/qmpsnTKMDtEfw7NQTc8QiN/story.html; https://www.bostonmagazine.com/news/2013/02/26/the-feds-are-shutting-down-fung-wah/. Further, Chan continues to work in the industry, even after his arrest on these charges.  *See* PIR, ¶ 69.

For these reasons, the government requests that the Court adopt its sentencing recommendation, and sentence Yat Kuen Chan to 10 months' imprisonment, to be followed by 36 months of supervised release and the financial penalties outlined herein.

ANDREW E. LELLING
United States Attorney

By: /s/Kristina E. Barclay
KRISTINA E. BARCLAY
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that, on the date below, this document was filed via the ECF system and thereby served on counsel for the defendant.

/s/Kristina E. Barclay
KRISTINA E. BARCLAY
Assistant U.S. Attorney

Dated: May 19, 2020